**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**OWENSBORO DIVISION**
**CIVIL ACTION NO.: 4:25-CV-00146-BJB-HBB**

**AUDUBON LOANS I LLC** **PLAINTIFF**

**VS.**

**MOTORISTS COMMERCIAL MUTUAL INSURANCE COMPANY** **DEFENDANT**

MEMORANDUM OPINION & ORDER

Defendant Motorists Commercial Mutual Insurance Company (Motorists) has filed a motion for leave to file an amended answer and counterclaim, DN 10. Plaintiff Audubon Loans I LLC (Audubon) has responded in opposition at DN 11 and Motorists has replied at DN 12.

Nature of the Case

In their Joint Report of Parties' Planning Meeting the parties summarized the case:

> This is a civil action arising from alleged damage to Plaintiff's real property following a storm event on or about March 15, 2025. Plaintiff alleges storm-related damage to its building for which it seeks to recover insurance proceeds under a commercial insurance policy issued by Defendant. The Complaint asserts claims for breach of contract, common law bad faith and statutory bad faith.

(DN 8 PageID # 204-05). The parties jointly proposed July 31, 2026, as the deadline for amending pleadings (*Id.* at 206) and the Court adopted the proposal in the scheduling order (DN 9 PageID # 208). Motorists filed the subject motion on the deadline.

Motorists' Motion

Motorists seeks to amend its Answer to assert two counterclaims. As factual support for the counterclaims, the tendered pleading asserts that since 2021 Motorists issued commercial

property insurance for Audubon. (DN 10-1 PageID # 224). In the course of issuing the renewal policy in question, Motorists contends that the parties contemplated that it would not afford coverage for cosmetic damage from windstorm or hail, however "[d]uring its investigation, Defendant learned that the digital platform which issued the Policy inadvertently omitted a checkmark on the Cosmetic Loss Endorsement to reflect that cosmetic loss from 'windstorm or hail' was excluded." (DN 10-1 PageID # 224-25). Motorists seeks to assert a counterclaim for reformation of the insurance contract to correct a scrivener's error and construe it in accordance with the parties' actual intentions, contending that, as issued, the endorsement reflects a mutual mistake by the parties. (*Id.* at 226-27). In the alternative, the amended Answer asserts a counterclaim for declaratory relief "establishing the proper construction of the Cosmetic Loss Endorsement and declaring that, as issued, the endorsement excludes coverage for cosmetic loss caused by hail and that Defendant therefore owes no contractual obligation to indemnify Plaintiff for the cosmetic hail damage alleged in the Complaint." (*Id.* at 226).

Audubon's Response

Audubon argues that the motion should be denied because both of the proposed counterclaims are futile. (DN 11). As to the request for a declaration of the coverage afforded under the policy, Audubon contends that the policy's plain language provides coverage because neither exclusionary box was checked. Moreover, Audubon argues, a request to construe the policy to exclude coverage would require the Court to supply a material term and thereby make a new contract between the parties, in contravention of Kentucky law, citing *Sunny Ridge Enters., Inc. v. Fireman's Fund Ins. Co.*, 132 F. Supp. 2d 525, 526 (E.D. Ky. 2001). (DN 11 PageID # 404-05). Audubon argues further that any limitation on coverage in a policy must be stated clearly so as to apprise the insured, citing *St. Paul Fire & Marine Ins. Co. v. Powell-Walton-Milward, Inc.*, 870

S.W.2d 223, 226-27 (Ky. 1994). (*Id*. at 405). Here, Audubon contends, there is no disclaimer of coverage.

Audubon points to various statutory provisions that require policies to expressly set forth the coverages and for construction of the policy according to the entirety of terms and conditions set forth therein, citing KRS 304.14-180(2) and 204.14-360. (*Id*. at 405-06). Additionally, Audubon contends the counterclaim for declaratory relief is duplicative of Motorists' denials of the claims Audubon asserted in its Complaint. (*Id*. at 406-07).

Turning to Motorists' request for reformation of the contract, Audubon contends it is futile because it does not allege two elements required under Kentucky law for mutual mistake. Audubon identifies these as "(1) that the alleged mistake was mutual rather than unilateral; (2) that the mutual mistake be proven beyond a reasonable controversy by clear and convincing evidence; and (3) that the parties had actually agreed to terms different from those expressed in the written instrument," citing *Abney v. Nationwide Mut. Ins. Co.*, 215 S.W.3d 699, 704 (Ky. 2006). Audubon contends that Motorists has only alleged a unilateral mistake and has not identified a differing agreement to which the current policy must be conformed.

Furthermore, Audubon asserts that Motorists has not plausibly pleaded that there existed an antecedent agreement required for reformation, citing *Abney v. Nationwide Mut. Ins. Co.*, 215 S.W.3d 699, 704 (Ky. 2006). Rather, Audubon states that while Motorists claims "the parties reached an agreement concerning the nature and scope of coverage to be afforded, including the limitations applicable to cosmetic damage" and that "that the parties intended the Policy to reflect that agreement," "Motorists never alleges when Audubon agreed, with whom it agreed, in what form the agreement was made, or, most importantly, which of the endorsement's two mutually exclusive designations [loss caused by 'hail' or by 'windstorm or hail'] the parties selected." (DN

11 PageID # 409). Audubon asserts that this omission is fatal to Count II by Motorists. Moreover, Audubon asserts that Motorists did not allege facts identifying the scope of the exclusion that the parties supposedly agreed to, citing *Hanover Ins. Co. v. Am. Eng'g Co.*, 105 F.3d 306, 309 (6th Cir. 1997) (citing *Hanover Ins. Co. v. Am. Eng'g Co.*, 33 F.3d 727, 731 (6th Cir. 1994)) in which "[t]he Sixth Circuit [. . .] held that an insurer seeking reformation must prove not only that the insured knew an exclusion was intended, but also 'the exact scope' of that exclusion." (DN 11 PageID # 410). Audubon also raises Fed. R. Civ. P. 9(b) which reads: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." (DN 11 PageID # 410). Audubon argues that Motorists counterclaim "does not identify who made the alleged mistake, when it occurred, what instructions were given, what records reflect the supposedly intended designation, or how the issued endorsement departed from any documented selection. Instead, Motorists pleads only the conclusion that a mistake occurred." (DN 11 PageID # 411). Accordingly, Plaintiff asserts that Count II is futile and could not survive a motion to dismiss and consequently cannot support leave to amend its Answer. (*Id.*).

Finally, Audubon argues that Motorists has offered no justification for the delay in seeking amendment of the Answer, and permitting amendment at this juncture in the case would prejudice it because Motorists

> . . . seeks to inject an entirely new theory after answering the Complaint, participating in case-planning, serving disclosures, and litigating through months of discovery. The prejudice is not that time is short; it is that the sequence is now fixed against Audubon and the proof Motorists' new theory depends on remains in Motorists' hands. Audubon disclosed its experts on July 31, 2026 under a schedule set for a coverage-and-causation case, while Motorists' disclosures are not due until September 18, 2026 and would be made with Audubon's opinions already in hand. The resulting prejudice provides an independent basis to deny leave.

(DN 11 PageID # 413).

Motorists' Reply

In reply, Motorists notes that the standard applicable to its motion to amend the Complaint is not whether it will likely prevail on the matter plead, but rather whether it could withstand a Rule 12(b)(6) motion to dismiss. (DN 12 PageID # 480). Consequently, Motorists argues that Audubon's futility argument relying on policy language goes to the Court's ultimate interpretation and conclusions as to facts, rather than whether Audubon has set forth a facially sufficient allegation. Turning to Audubon's assertion that Kentucky statutes govern the construction of insurance policies, Motorists contends an insurer is still entitled to seek equitable remedy.

As to Motorists' allegation of reformation due to scrivener error, it contends Audubon's position:

> . . . ignores the logic adopted by Kentucky courts in "scrivener error" cases. In *Cadleway Properties, Inc.*, the Kentucky Court of Appeals recognized that "[t]he remedy of reformation is appropriate where, by reason of an unintentional mistake by a scrivener or draftsman, the written agreement does not accurately reflect the intent of the parties." *Cadleway Properties, Inc. v. Bayview Loan Servicing, LLC*, 338 S.W.3d 280, 287 (Ky. Ct. App. 2010). This is exactly what Motorists pled in its proposed amended pleading. The mistake alleged here is the parties' shared belief that the issued Policy captured the coverage they had negotiated, a belief both parties held, which was mistaken.

(DN 12 PageID # 484). Motorists also disputes that it failed to allege the existence of an antecedent agreement that should serve to reform the policy, pointing to the portion of the policy agreement coverage selection box which should have been checked in accordance with the parties' intentions for coverage.

Finally, as to Audubon's argument that it will be prejudiced by amendment of the Complaint, Motorists notes that the motion was filed within the time permitted by the scheduling order. Motorists asserts that Audubon has known the nature of its defense since the initiation of the action and the amendment should come as no surprise. Motorists also

contends that Audubon is not prejudiced in regard to the timing of expert disclosures, and the experts will testify as to causation and damages, whereas the amendment only touches on policy defense issues.

<u>Discussion</u>

The scheduling order, DN 9, afforded Motorists until July 31, 2026, to amend its pleadings. The present motion is timely filed so Fed. R. Civ. P. 15(a)(2) applies. The Rule provides that a party may amend a pleading with the Court's permission, and that the Court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Federal Rules of Civil Procedure require a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The court uses the same standard to evaluate a counterclaim as it uses to evaluate the sufficiency of the complaint itself. *See Baxter Bailey Assocs, Inc. v. Powers & Stinson, Inc.*, No. 14-3012, 2015 U.S. Dist. LEXIS 190601 at *5 (W.D. Tenn. Jul. 10, 2015).

Generally, leave should only be denied on the grounds of undue delay, bad faith, dilatory motive, or futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Here, Plaintiff contends the proposed affirmative defense would be a futility.

> The Court need not grant a motion for leave to amend under Rule 15 of the Federal Rules of Civil Procedure if the amendment would be futile. *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005). Futility exists if the proposed amendment could not withstand a Rule 12(b)(6) motion to dismiss. *Id*. While Rule 12(b)(6) motions generally are made with reference to complaints and not affirmative defenses, "the same basic standard applies." *Gore v. El Paso Energy Corp. Long Term Disability Plan*, No. 3:02-1008, 2008 U.S. Dist. LEXIS 9684, 2008 WL 261258, at *6 (M.D. Tenn. Feb. 8, 2008) (citation omitted). "In determining whether to grant a motion to dismiss, all well-pleaded allegations must be taken as true and must be construed most favorably toward the non-movant." *Am. Book Co. v. Consolidated Grp. of Co., Inc.*, No. 3:09-CV-112, 2011 U.S. Dist. LEXIS 665, 2011 WL 11969, *1 (E.D. Tenn. Jan. 4, 2011) (*citing Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003)).

*Stratton v. Portfolio Recovery Assocs., LLC*, No. 5:13-147-DCR, 2015 U.S. Dist. LEXIS 148089, at *8 (E.D. Ky. Nov. 2, 2015).

Motorists seeks to amend its answer to add an affirmative defense that the policy as-issued was in error due to a technology issue constituting a scrivener's error, and that the policy should be reformed to reflect the parties' actual intentions. Audubon contends that the policy cannot, and should not, be construed in that way. The Court at this juncture, however, is not tasked with deciding who is right—that presumably will be the subject of a later motion for summary judgment. "The test for futility, however, does not depend on whether the proposed amendment could potentially be dismissed on a motion for summary judgment; instead, a proposed amendment is futile only if it could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 421 (6th Cir. 2000). Thus, the proposed counterclaim must be evaluated on its facial sufficiency, taking the contentions as true. The facts alleged to support the counterclaim for reformation are that "[t]he parties intended that the 2024-2025 Policy would provide coverage consistent with the parties' agreements reached before issuance of the 2024-2025 Policy." (DN 10-1 PageID # 224). The counterclaim further alleges "[t]hrough a scrivener's error occurring during the issuance of the 2024-2025 Policy, the Cosmetic Loss Endorsement issued with it does not accurately memorialize the agreement reached by the parties." (*Id.*).

> While scrivener's error can be grounds for reforming a contract as the result of mutual mistake, "it is the well-established rule in this state that reformation of an executed contract on the ground of mistake will not be decreed unless the mistake be established by full, clear, and decisive evidence," and "[t]he ground of relief must appear beyond reasonable controversy." *Nichols v. Nichols*, 182 Ky. 18, 205 S.W. 953, 954 (1918); *see also Abney v. Nationwide Mut. Ins. Co.*, 215 S.W.3d 699, 704 (Ky. 2006) ("The mutual mistake must be proven beyond a reasonable controversy by clear and convincing evidence." (quoting *Campbellsville Lumber Co. v. Winfrey*, 303 S.W.2d 284, 286 (Ky. 1957), brackets omitted)).

*Pannell v. Shannon*, 425 S.W.3d 58, 67 (Ky. 2014). While Audubon may dispute that there is evidence of a mutual mistake, the proposed amended Complaint adequately pleads factual support.

Turning to Motorists' alternative claim that the policy excludes cosmetic loss, Motorists alleges "[e]ven if the Court were to decline to reform the Policy, Defendant contends that when construed according to its plain language and Kentucky principles of insurance contract interpretation, the Cosmetic Loss Endorsement excludes coverage for cosmetic loss caused by hail." (DN 10-1 PageID # 226). The counterclaim alleges further that "Defendant is entitled to a declaration establishing the proper construction of the Cosmetic Loss Endorsement and declaring that, as issued, the endorsement excludes coverage for cosmetic loss caused by hail and that Defendant therefore owes no contractual obligation to indemnify Plaintiff for the cosmetic hail damage alleged in the Complaint." (*Id.*). The counterclaim identifies the policy provision in question, but does not explain how, as issued with the box for exclusion of cosmetic loss unchecked, coverage is nonetheless excluded by the policy's plain language. To survive a Rule 12(b)(6) motion to dismiss, the counterclaim must include "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Here, Motorists has plead that there was a contract between the parties, that the insured has made a demand for benefits and that the terms of the contract do not provide coverage for those benefits. This is sufficient to withstand a challenge under Rule 12(b)(6).

Turning to Audubon's claim that permitting amendment of the Answer will be prejudicial because it has already disclosed experts, as Audubon has noted this is a "coverage-and-causation case." (DN 11 PageID # 413). Motorists' affirmative defenses go to the issues of coverage and Audubon has not explained how the defense of policy interpretation is a novel concept at this point in the case. In Motorists' original Answer, it plead that "Plaintiff's claims may be barred, in whole

or in part by the terms, conditions, limitations and endorsements set forth in the Policy." (DN 5 PageID # 195). Interpretation of the policy is a question of law for the Court, not a subject for expert opinion. *See Nationwide Mut. Fire Ins. Co. v. Creech*, 431 F. Supp. 2d 710, 716 (E.D. Ky. 2006) ("Interpretation of an insurance policy is a question of law."). Moreover, the Court notes that Audubon jointly proposed with Motorists that the deadlines for amending pleadings and for Audubon's disclosure of experts coincide on July 31, 2026. (DN 8 at PageID # 205-06). It was thus foreseeable to Audubon that it might produce an expert report on or before Motorists' deadline to amend the pleadings. If it wished to avoid that possibility, Audubon could have proposed an amendment deadline preceding its expert disclosure deadline.

Finally, as to whether the issue of a scrivener's error will require additional fact discovery, the deadline for fact discovery is January 15, 2027. (DN 9 PageID # 208). Thus, ample time remains in the event Audubon wishes to explore any facts related to Motorists' contention that a technical error caused the policy to be issued as it was.

WHEREFORE, Defendant Motorists Commercial Mutual Insurance Company's motion to amend the Answer, DN 10, is **GRANTED**.

**H. Brent Brennenstuhl**
**United States Magistrate Judge**

October 6, 2026

Copies: Counsel